IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRADE WELL INTERNATIONAL,

                      Plaintiff,                  OPINION AND ORDER

    v.                                     12-cv-701-wmc

UNITED CENTRAL BANK,

                      Defendant.

---

In this suit, Trade Well International seeks replevin of furnishings and equipment that it leased to a hotel in Wisconsin Dells, Wisconsin.  These items passed into defendant United Central Bank's possession when it foreclosed on and purchased the hotel.  Trade Well International contends that the personal property -- which was merely leased by the hotel's previous owner -- was not or should not have been part of the purchase. In response,  United Central Bank filed a motion to dismiss on three grounds, the primary of which is that Trade Well International failed to join indispensable parties who also claim an interest in the furnishings and decorations.  The court agrees with United that the additional parties should be joined, but finds that that joinder would not defeat diversity jurisdiction.  Rather than dismiss the case, therefore, it will simply order plaintiff to join those parties.

1

BACKGROUND[1]

On February 22, 2010, plaintiff Trade Well International ("Trade Well") entered into a four-year hotel equipment lease agreement with Dells Estate LLC ("DEL"). Trade Well agreed to supply sheets, linens, furniture, light fixtures, and A/V equipment to DEL's hotel in Wisconsin Dells, Wisconsin.

The hotel property was subject to a mortgage note, the obligations of which DEL was ultimately unable to meet. On November 10, 2010, defendant United Central Bank ("United") filed a foreclosure action in Sauk County Circuit Court, case no. 10-CV-1239. On July 31, 2012, United purchased the hotel at a judicially-authorized sheriff's sale.

Along with its foreclosure claim, United asserted a claim against DEL and another entity, Dells Lodging Operator, Inc. ("DLO"), for replevin of the personal property located within the hotel. DLO filed an answer and affirmative defenses to the replevin action, alleging as a sixth affirmative defense that "personal property belonging to [DLO] remains in the [hotel] property and [DLO] is entitled to retrieve said personal property." (Dkt. #9-1.) On February 23, 2012, DLO's legal counsel sent a request to United's counsel asking for permission to enter the hotel and remove all, or a substantial part, of its property. As for

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(7), United moves to dismiss this action for failure to join a party under Rule 19. In ruling on a Rule 12(b)(7) motion, the court must accept the complaint's allegations as true, but it also may consider extrinsic evidence outside the pleadings. See *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479–480 & n.2 & 4 (7th Cir. 2001). For purposes of the facts listed below, the court refers to the allegations in the complaint, as well as all adequately-supported extrinsic evidence supplied by the parties.

2

DEL, it is unclear whether it formally answered United's replevin claim, but at some point during the litigation its principal, Umar F. Paracha, indicated to United that DEL intended to contest United's claim of ownership of this personal property.

On the day of the sheriff's sale, Trade Well entered the picture by serving United with a written demand for return of the hotel furnishings and equipment. United refused to return the property, which prompted this litigation.

OPINION

## I.   Dismissal for Failure to Join a Necessary Party

United moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(7), arguing that (1) DEL and DLO are parties who must be joined; and (2) their joinder would defeat diversity jurisdiction. The court agrees with the first of these arguments, but not the second.

Federal Rule of Civil Procedure 19(a) controls whether DEL and DLO are "required parties" to this action. The Rule states in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject
> of the action and is so situated that disposing of the
> action in the person's absence may:
>> (i) as a practical matter impair or impede the
>> person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial
>> risk of incurring double, multiple, or otherwise
>> inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1); see *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999).

DEL and DLO qualify as "required parties" under the criteria set forth in subparagraphs (B)(i) and (ii) above. The affidavits submitted by United's counsel indicate that both entities asserted ownership rights in the disputed personal property at some point during the state replevin action. While Trade Well suggests that one or both of the entities have since dissolved and are unable to continue to assert their rights, the court must assume at this point that they still maintain a claim upon the property. As this litigation will determine which of the present parties has a possessory right to the furnishings and equipment, the outcome may "impair or impede" DEL's or DLO's ability to protect their interests -- particularly if they have claims against one or more of the present parties.

Similarly, the competing claims to the property between Trade Well, United, DLO and DEL poses a risk of exposing one of the two present parties to inconsistent legal obligations. If Trade Well or United loses the replevin action against DEL or DLO in state court, and also loses the replevin action in this case, it may be bound by conflicting judgments to the extent that it owes the property to multiple parties at the same time.

4

Having found that DEL and DLO are required parties, the court "must order" that they be made parties to this case. *See* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff."). Joinder does not, however, defeat the court's diversity jurisdiction. Both sides agree that: (1) DEL and DLO are Wisconsin-headquartered local corporations and thus are solely citizens of Wisconsin; (2) Trade Well, incorporated and headquartered in Pakistan, is solely a citizen of Pakistan; and (3) United, incorporated and headquartered in Texas, is solely a citizen of Texas. Diversity jurisdiction is, therefore, destroyed only if DLO and DEL are arrayed on opposite sides of the caption, one as plaintiff and one as defendant, but that would seem an improper alignment.

From the limited evidence provided by the parties, it appears that DEL and DLO are allies, DLO having taken over operation of the hotel from DEL in exchange for a fee. Neither DEL nor DLO appear to claim an absolute right to the property vis-a-vis plaintiff Trade Well, but only a right against all other parties, based on the temporary ownership interest granted by a four year lease with Trade Well. Thus, Trade Well, DEL and DLO share a common interest in keeping the property out of the hands of United. Accordingly, they should all be arrayed as plaintiffs in this action, with United the sole defendant.[2]

---

[2] If, after the parties are joined, it becomes apparent that the interests represented by DEL and DLO are so at odds that they belong on opposite sides of the caption, the court will *then*

5

The court will order Trade Well to join DEL and DLO as co-plaintiffs by filing an amended complaint bearing the signatures of attorneys representing all three parties.  If this is not possible because DEL and/or DLO refuse to join, Trade Well must serve these parties with a summons and complaint, naming them as involuntary plaintiffs.  If service is not possible because one or both of these parties no longer exists, Trade Well must show proof of this.


**II.     Dismissal Because this Action Would "Negate State Court Litigation"**

United's second argument in favor of dismissing this case is that Trade Well's claims must be brought in state court.  On page four of its brief in support of its motion to dismiss, United asserts that "Trade Well's remedy is . . . to file a motion to intervene in the State Court Action . . . . To allow otherwise would, among other things . . . (1) negate the litigation and settlement efforts previously undertaken in the State Court Action; and (2) de facto supplant [United's] decision where to commence its action."  (Dkt. #8 at 4.)  If United means to say that the Minnesota case has reached a judgment that has claim or issue-preclusive effect against Trade Well, it needs to develop this argument further before the court will recognize it.  If, on the other hand, United means to say that there cannot be parallel ongoing actions on the same claims in state and federal court, it is simply mistaken.

---

consider a motion to (1) dismiss for lack of subject matter jurisdiction or (2) to dismiss one of those parties.

### III.    Motion to Dismiss for Failure to Follow Court Rules

United also contends that Trade Well has twice failed to comply with federal and local procedural rules.  First, United asserts that the case must be dismissed because Trade Well has not filed a corporate ownership statement.  Federal Rule of Civil Procedure 7.1 provides that a "nongovernmental corporate party must file 2 copies of a disclosure statement that: (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation."  This court has developed a corporate ownership statement form that goes beyond the requirements of the Federal Rules of Civil Procedure, requiring all parties to disclose (1) the identity of any publicly owned parent corporation or affiliate, and (2) the identity of any publicly owned corporation with a financial interest in the outcome of the case.  (*See* Court's docket entry on 9/27/2012.) United correctly points out that Trade Well has failed to file its Corporate Ownership Statement.  Trade Well responds that it did, in fact, file its form on September 27, 2012. Since this form does not appear in the docket, Trade Well will have to try again:  it will have 14 days from the date of this order to (re)file the disclosure electronically.

Second, United says that when Trade Well sent a request to waive service of process, it failed to include a postage-paid return envelope as required by Federal Rule of Civil Procedure 4(d), and failed to serve (or provide along with a request for waiver of service) a copy of the magistrate consent form, briefing guidelines, and blank corporate ownership statement issued by this court with the summons.  The court has never encountered a motion to dismiss for failure to comply with any of these technical requirements, probably because

most sensible attorneys recognize that this oversight obviously does not merit the drastic sanction of dismissal. However, all parties are expected to follow the rules of this court. Therefore, the court will order Trade Well to send United one blank envelope stamped for First Class mail within the United States. The other deficiencies have not prejudiced defendant in any way, so further sanctions are unnecessary or appropriate.

## IV.    Motion for Additional Time

Finally, United requests additional time to file a responsive pleading in the event that this court denies its motion to dismiss. United articulates no sound basis for this request, which would normally be denied and an answer due in ten (10) days pursuant to Federal Rule of Civil Procedure 12(a)(4)(A). United is automatically allowed 10 days to answer after the court rules on this motion, which should be plenty of time. In this case, however, the motion has been rendered moot by plaintiff's obligation to file and serve an amended complaint, triggering a new deadline for defendant to answer.

ORDER

IT IS HEREBY ORDERED that:

(1)  defendant United Central Bank's motion to dismiss (dkt. #7) is DENIED;

(2) plaintiff is ordered to file and serve an amended complaint within 30 days naming DEL and DOL as plaintiffs or involuntary plaintiffs as set forth above;

8

(3) defendant's request for additional time to answer is DENIED as moot;

(4) plaintiff Trade Well International must file its corporate disclosure statement on the docket within 14 days;

(5) plaintiff Trade Well International is ordered to send defendant or its counsel a blank envelope stamped for First Class mail within the United States within 14 days; and

(6) a new trial schedule is to be established in this matter promptly.


Entered this 30th day of Setember, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

9