IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TRADE WELL INTERNATIONAL,

|   |   |   |
|---|---|---|
| Plaintiff, | | ORDER |
| v. | | |
| | | 12-cv-701-wmc |
| UNITED CENTRAL BANK, | | |
| Defendant. | | |

The court is in receipt of plaintiff Trade Well International's recent motion to "reconsider this court's April 4, 2014, order," which: gave Trade Well seven days either to withdraw the "lien" or, in the alternative, to file a bond in the full amount of the sale price of the hotel; gave it 10 days to retain and arrange for the appearance of new counsel; and held its counsel in contempt of this court. (Dkt. #72.) The court is also in receipt of Trade Well's motion for leave to file an appearance and an extension of time to file a bond (dkt. #74). For the most part, both motions, along with a supporting brief on the motion to reconsider (dkt. #73), are filled with non sequiturs, nonsensical arguments and further flouting of the requirements of this court. They confirm, rather than cause the court to reconsider, its original decision to sanction Trade Well's previous counsel, who purports to sign these motions and supporting brief on behalf of Trade Well despite being denied the right to do so by this court's previous order. Nevertheless, the court will take up both motions in turn.

Attorney Salem's motion for leave to file an appearance is summarily denied and his filing of further motions on behalf of the plaintiff in this case is sanctionable. Trade Well is free to continue to retain Salem as its attorney for other purposes, however

1

ill-advised that may be, but Salem is denied admission as an attorney in this court, and the clerk of court is directed to forward the proceeds of his admission fee to defendant's counsel to be credited against the $500 he owes defendant.  Finally, the clerk's office is directed to remove Attorney Salem's e-filing privileges and bar his filing of any further pleading, motion, brief or other paper in this court in which he purports to act as legal counsel for a client.

As for the motion to reconsider this court's April 4 order, the request for an extension of time to file a bond is denied as moot in light of Trade Well's representation that it has withdrawn the offending "lien."  Salem's own request for relief from the entry of a contempt order against him on the basis that his conduct did not violate a specific court order is also denied.  The one argument Salem makes with at least some merit is that he must have violated an order that sets forth an unequivocal command from the court to be held in contempt.  *See United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001).  The court agrees that its earlier order is better characterized as a sanction imposed pursuant to this court's inherent powers for conduct falling far below that to be reasonably expected of any attorney appearing before this court.  *See, e.g., Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 591 (7th Cir. 2008) ("courts retain inherent power to punish the full range of litigation abuses"); *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998) (sanctions under inherent power of a federal court are appropriate where party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons").

Under that standard, the court sees no error in the sanctions it imposed, except perhaps in failing to expressly state that the $500 sanction be paid, along with reasonable fees and costs, to UCB, which the court does now.   Salem filed a frivolous "lien" without *any* legal authority and wrongfully invoked his *pro hac vice* status in this court in doing so. Even now, after being given multiple opportunities, he has offered *no* justification for his actions beyond an apparent belief that his desired end justified an indefensible means. Salem's conduct was both vexatious and oppressive to UCB, and forced it to seek relief from Salem's frivolous litigation tactics in order to conclude the sale of its hotel.   At the very least, Salem has acted in wanton disregard of his duties and responsibilities as an attorney.   Given his continued, repeated failures to offer legal authority for the "lien" he filed, the court suspects his behavior was in bad faith as well.   Indeed, Salem's continued attempts to try to excuse his own actions in a motion to reconsider filed on behalf of a client underscores the need for an appropriate sanction.[1]

Even if the violation of a specific court order were necessary to sanction an attorney appearing in this court, Salem has done exactly that in two respects. *First*, Salem was specifically ordered in a telephonic conference to justify his filing of a so-called "construction lien" on UCB's property and entirely failed to do so.   Instead, he disingenuously attempted to blame his conduct on a Sauk County clerk's decision to allow him to file the lien based on his *pro hac vice* admission in this case and his claimed need to secure Trade Well's claim in this case against a speculative report of UCB's

---

[1] The court also notes that this would appear not to be the first time Salem has been sanctioned for vexatious litigation conduct.  *See Neshewat v. Salem,* 365 F. Supp. 2d 508, 529-30 (S.D.N.Y. 2005), *aff'd*, 194 F. App'x 24 (2d Cir. 2006).

insolvency.  *Second*, Salem's recent action of signing and filing two motions after being expressly directed to discontinue his representation constitutes a violation of this court's direct order, as is his further bad faith act of seeking full admission to the bar of this court by manipulating an unsuspecting deputy clerk for the purpose of continuing to represent Trade Well despite the court's order that Trade Well "retain and arrange for the appearance of new counsel *already admitted* in good standing to practice before this court." (Opinion & Order (dkt. #71) 5-6 (emphasis added).)

Despite the foregoing, the court will not increase the amount it has sanctioned Salem at this time.  Should Salem file any further document in this court on behalf of Trade Well or any other client, however, his sanction will increase from $500 to $1,000, with further incremental $500 sanctions for each additional filing thereafter.

Finally, the remainder of plaintiff's brief in support of the motion to reconsider is devoted to a meritless attempt to justify its filing of the offending "lien."   Having wholly failed to do so, the court finds no other basis to reconsider its earlier order.


ORDER

IT IS ORDERED that:

(1) plaintiff Trade Well International's motion to reconsider this court's April 4, 2014 order (dkt. #72) is DENIED;

(2) plaintiff's motion to file an appearance and extension of time to file a bond (dkt. #74) is DENIED as moot; and

(3) Attorney Maurice J. Salem is DENIED admission in this court both now and for the next three years, and the clerk is directed to forward his admission fee to defendant's counsel as credit against his previous $500 sanction entered by this court.

Entered this 22nd day of April, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

5