IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRADE WELL INTERNATIONAL,

                              Plaintiff,                                     ORDER

      v.

                                                           12-cv-701-wmc

UNITED CENTRAL BANK,

                            Defendant.

---

Plaintiff Trade Well International ("Trade Well") began this civil action for replevin, negligence and conversion based on allegations that defendant United Central Bank ("UCB") unlawfully retained certain of Trade Well's hotel furnishings and allowed others to be damaged after foreclosing on a hotel.  After Trade Well's attorney, Maurice J. Salem, filed an unlawful lien on the hotel owned by UCB, the court imposed sanctions on Salem, revoked his *pro hac vice* status and denied him admission to this court for the next three years.  (*See* dkt. ##71, 75.)  Attorney Salem appealed that ruling on his own behalf and now seeks leave to supplement the appellate record with a series of e-mails that were not in existence when Salem was before this court.  (Dkt. #81.)

In this court's view, the e-mails Salem submits with his request are irrelevant, incomplete and misrepresent the nature of Salem's actions.  Rather than repeat the reasons for imposing discipline set forth in the court's original order and order denying reconsideration, the court simply notes that its imposition of sanctions was premised on Salem's undisputed failure to comply with the applicable law, and the related misrepresentations he made to state officials, opposing counsel and this court.  The additional circumstances Salem now seeks to establish are not relevant to that

determination.  His motion to supplement the record is, therefore, denied.  Nevertheless, to avoid the necessity of further delays should the Seventh Circuit feel different, the court will direct the clerk's office to send a copy of Salem's motion, the attached e-mails, defendant's brief in opposition and this order to the court of appeals pursuant to Fed. R. App. P. 10(e)(2)(B).

The court is also in receipt of UCB's motion to declare the notice of lien Salem filed void *ab initio*, based on his apparent failure to withdraw that lien despite his formal representation to the court and opposing counsel that he had done so.[1]  (Dkt. #84.)  At the court's invitation, UCB has also filed counterclaims against Trade Well for (1) slander of title and (2) declaratory judgment that the lien is void and unenforceable.  (Dkt. #83.)  The latter claim essentially makes the same request for relief as the motion to declare the lien void *ab initio*, effectively rendering that motion one for partial summary judgment and making the seven-day briefing schedule automatically imposed by ECF inadequate.

To ensure that Trade Well has adequate opportunity to respond to the counterclaims and related motion, the court will allow it to answer or otherwise respond to the counterclaims on or before June 25, 2014, as required by Fed. R. Civ. P. 12(a)(1)(B).  UCB may have until June 30, 2014, to submit proposed findings of fact in support of its motion in a form consistent with local procedure, and Trade Well will then have 30 days to file a response to the motion to declare the lien void.  Finally, the court reminds Trade Well that

---

[1] Because Attorney Salem has already appealed the original sanctions against him, the court will leave open what additional sanction, if any, is appropriate should it later become apparent that Salem intentionally misrepresented to the court that he withdrew the lien.  In the meantime, to the extent not already accomplished, the court would strongly encourage Salem and plaintiff's counsel to coordinate the filing of an original notice from Trade Well withdrawing the lien in a manner satisfactory to the Register of Deeds.

2

it must retain new counsel by the June 25, 2014, deadline to answer, plead or otherwise respond. If Trade Well fails to answer, it risks defaulting on the counterclaims.

## ORDER

IT IS ORDERED that:

1) Maurice J. Salem's motion to supplement the record (dkt. #81) is DENIED.

2) The clerk of court is directed to certify and send to the Seventh Circuit Court of Appeals a copy of Salem's motion to supplement the record, a copy of defendant's brief in opposition and a copy of this order.

3) The court RESERVES on defendant United Central Bank's motion to declare the lien void *ab initio*. Plaintiff Trade Well International has until July 30, 2014, to file a response to that motion. Defendant may have until August 20, 2014, to file a reply.

Entered this 17th day of June, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3