IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRADE WELL INTERNATIONAL,

                Plaintiff,              OPINION & ORDER

v.

                                                12-cv-701-wmc

UNITED CENTRAL BANK,

                Defendant.

---

    Plaintiff Trade Well International initially brought suit against defendant United Central Bank ("UCB") alleging that UCB had converted some of its hotel furnishings and negligently allowed others to become damaged. When UCB was on the verge of selling the hotel, Trade Well's attorney, Maurice J. Salem, filed an unlawful lien on the building, ostensibly to preserve Trade Well's claim (although it in fact had no claim on the hotel itself). The lien thwarted UCB's efforts to sell the hotel, and it sought relief from the court. The court gave Salem the opportunity to explain the legal basis for his actions, but when Salem failed to do so, it sanctioned him for his conduct, revoked his *pro hac vice* status and denied him admission to this court for three years -- including for purposes of the present action.[1] It also ordered Trade Well to find new counsel and to withdraw the lien or, in the alternative, to file a bond in the amount of the hotel's sales price.

    At the court's invitation, on June 4, 2014, UCB served Trade Well with counterclaims for: (1) declaratory judgment that the lien was void *ab initio;* and (2) state law slander of title, pursuant to Wis. Stat. § 706.13(1). (*See* Certificate of Service (dkt. #83).) Trade Well, which has yet to retain new counsel, was required to answer within 21 days -- that is, by June 25, 2015. Fed. R. Civ. P. 12(a)(1)(B). To date, Trade Well has yet to answer, plead or otherwise

---

[1] Salem has appealed that ruling on his own behalf to the Seventh Circuit.

respond to the counterclaims, although Salem filed what he terms an "amicus brief" in opposition to UCB's subsequent motion for default, asking the court to deny the motion for default or, in the alternative, to stay these proceedings.

In his brief, Salem represents indicates that Trade Well's failure to respond to UCB's counterclaims is due entirely to its inability to find a lawyer willing to undertake its cause and also argues that service of the counterclaims on Trade Well was defective. The court has informed Salem on numerous previous occasions that he is not to file additional materials on behalf of the plaintiff in this case. (*See* Apr. 22, 2014 Opinion & Order (dkt. #75); Apr. 4, 2014 Opinion & Order (dkt. #71).) In its April 22nd order, the court declined to sanction Salem further, but advised that: "Should Salem file any further document in this court on behalf of Trade Well or any other client, however, his sanction will increase from $500 to $1,000, with further incremental $500 sanctions for each additional filing thereafter." Why he would continue to file documents on Trade Well's behalf in this suit, despite these repeated instructions to the contrary, is a mystery the court apparently cannot hope to solve. While the court chose to treat his motion to supplement the appeal record (dkt. #81) and the motion to stay (dkt. #91) as ill-advised attempts to preserve the status quo pending his own appeal, Salem's filing of these two recent "amicus briefs" crosses any arguable line, as does his purporting to make further legal arguments for his client Trade Well as a "friend of the court." Accordingly, Salem's sanction will be increased by $500, making the total amount due to UCB $1,000; his "amicus briefs" will be struck; and the Clerk of Court will be instructed to accept no further filings in this case from Salem absent leave of court unless they relate *solely* to imposition of this additional sanction against him personally.

Briefly addressing the point regarding service of process, Salem's invocation of the Hague Convention is misplaced. Under Federal Rule of Civil Procedure 4, a party must serve an

2

individual in a foreign country by an internationally-agreed means of service reasonably calculated to give notice, such as those means authorized by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1). Rule 4, however, applies to service of the summons and complaint. After service of the summons and complaint, parties must serve future pleadings and papers -- including counterclaims -- under the less stringent standards of Federal Rule of Civil Procedure 5. *See* 1 James Wm. Moore, *Moore's Federal Practice* § 5.02[1][a] (3d ed. 2014).

Rule 5 permits service by mailing the paper in question "to the person's last known address – in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(C). Salem points to no authority, and the court has found none, suggesting that the Hague Convention applies to service under Rule 5, as well as Rule 4. *See, e.g., Kozaczek v. N.Y. Higher Educ. Servs. Corp.*, No. 1:13-cv-00074-jgm, 2014 WL 2112691, at *3 (D. Vt. May 20, 2014) (serving motion by mailing it to last known address complied with Rule 5; Hague Convention, via Rule 4(f), was inapplicable); *SEC v. Credit Bancorp, Ltd.*, No. 99 Civ 11395(RWS), 2011 WL 666158, at *4 (S.D.N.Y. Feb. 14, 2011) ("[T]he Hague Service Convention only applies to the initial service of process, namely the summons, not subsequent judicial documents.") (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988)). Having availed itself of this forum to resolve its dispute with UCB, Trade Well must defend any related counterclaims, as well as enjoy the privilege of pursuing its own claims, under the Federal Rules of Civil Procedure.

The rest of Salem's "amicus brief" opposing default simply takes issue with the court's previous rulings sanctioning him and indicates that Trade Well has not had enough time to find new counsel, given the "difficult circumstances" of this case. As to the former objection, the court has repeatedly explained its reasoning for the sanctions it has imposed and will not do so again here. (*See generally* Apr. 22, 2014 Opinion & Order (dkt. #75); Apr. 4, 2014 Opinion &

3

Order (dkt. #71).) As to the latter, Trade Well has known for more than four months that it would need to retain new counsel in this matter. The court finds wholly incredible the notion that four months is not sufficient to find an attorney willing to take over a relatively straightforward case for replevin, negligence and conversion. Furthermore, UCB is entitled to a resolution of this matter -- particularly with respect to the ersatz lien, which apparently has yet to be withdrawn or released at the Sauk County Register of Deeds. (*See* 6th Brian Thill Aff. (dkt. #88) ¶ 8.) Thus, the court concludes that UCB is entitled to entry of default on its counterclaims. Accordingly, it will grant UCB's request for a declaratory judgment that the lien is void and require Trade Well to withdraw it formally in a writing to the Register of Deeds, also providing a copy of this Opinion and Order.

UCB also asks the court to order Trade Well to show why its case in chief should not be dismissed for lack of prosecution, to which Trade Well failed to respond and Salem filed the second of his "amicus briefs," which merely repeats the same arguments made in response to the motion for entry of default and addressed by the court above. Although the sanction of involuntary dismissal is an extraordinarily harsh one, Trade Well's conduct in this litigation, through Attorney Salem, has interfered with the operation of UCB's business (*see, e.g.*, dkt. #57), delayed resolution of this suit and caused UCB, as well as the court, to expend significant time in resolving repetitious, meritless filings.[2] The court has also warned Trade Well once before that failure to retain new counsel could result in the dismissal of its claims. (Apr. 4, 2014 Opinion & Order (dkt. #71) 6.) Accordingly, the court will give Trade Well an additional 21 days to show cause in writing, through retained counsel, why its claims against UCB should not

---

[2] By way of example only, Trade Well sought to compel UCB to pay for moving and storing its damaged equipment at least twice after this court expressly ordered that *Trade Well* remove its equipment at its own expense and that any equipment not timely removed would be deemed abandoned. (*See* dkt. ##43, 55.)

4

be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute, in light of all the circumstances of this case. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). The court will also hold an evidentiary hearing on October 16, 2014, to consider any monetary damages or further relief that should be entered in the form of a default judgment against Trade Well on UCB's counterclaims. Seven days in advance of that hearing, both parties (1) may file and serve briefs on this question and (2) shall file and serve a copy of all exhibits that will be offered.

ORDER

IT IS ORDERED that:

1. Defendant United Central Bank's motion for entry of default (dkt. #95) is GRANTED.

2. Defendant's motion for an order to show cause (dkt. #99) is GRANTED. Plaintiff Trade Well International is ordered to show cause by October 3, 2014, as to why its case should not be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

3. An evidentiary hearing for default judgment is scheduled for October 16, 2014, at 1:00 p.m. in courtroom 250, Robert W. Kastenmeier United States Courthouse, 120 North Henry Street, Madison, Wisconsin. Seven days in advance of this hearing, both parties (a) may file and serve briefs on this question and (b) shall file and serve a copy of all exhibits that will be offered.

4. Attorney Salem's sanction is increased by $500, making the total amount due to UCB $1,000; his amicus briefs (dkts. ##101, 102) are STRUCK; and the Clerk of Court is instructed to accept no further filings in this case from Salem absent leave of court unless they relate *solely* to the imposition of this additional sanction against him personally.

Entered this 12th day of September, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

5